The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



# /S/ RUSS KENDIG

**Russ Kendig**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re:                                         )
                                               )   CHAPTER 7
JOHN A. ALSPACH,                               )
                                               )   CASE NO. 10-60525
          Debtor.                              )
                                               )   JUDGE RUSS KENDIG
                                               )
                                               )   **MEMORANDUM OF OPINION**
                                               )   **(NOT FOR PUBLICATION)**
                                               )

On March 5, 2010, debtor filed an amended motion to change venue. This motion is now before the Court.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

Federal Rule of Bankruptcy Procedure 1014(a) provides that a court may grant a change in venue when "it determines that the transfer is in the interest of justice or for the convenience of the parties." Courts have used six criteria to determine whether a transfer is appropriate under Rule 1014(a): first, the proximity of creditors; second, the proximity of the debtor; third, the proximity of witnesses; fourth, the location of the assets; fifth, the economic administration of

the estate; and, sixth, the necessity for ancillary administration if liquidation should result. In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247 (5th Cir. 1979). The party seeking a change of venue has the burden of proof, which must be met by a preponderance of the evidence. Id. at 1241.

The debtor states in his motion that transfer should be granted because "most of debtor's creditors are either located in the Southern District of Ohio or out of state." This conclusive statement in inadequate to carry the debtor's burden of proof.

Accordingly, the motion to change venue is denied.

An order will issue simultaneously with this opinion.

#     #     #

SERVICE LIST:

John A Alspach
409 Kaler Avenue
Bucyrus, OH 44820

Farley K Banks
PO Box 363
Lima, OH 45802-0363

Anthony J. DeGirolamo, Trustee - Canton
Canton
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702